UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ANTONIO ROTONDI

            PLAINTIFF                INDEX # 1:18-cv-00403
                                                DATE PURCHASE

    -AGAINST-

                                                VERIFIED COMPLAINT

POLICE OFFICER ROBERT ONEIL,
JOHN DOE (OFFICER ONEIL'S PARTNER),
AND THE CITY OF NEW YORK

            DEFENDANT
_____

       Plaintiff Antonio Rotondi, through his attorney Tamara M. Harris, alleges in the Verified Complaint as follows:

## THE PARTIES

1. Plaintiff Antonio Rotondi is a resident of Queens, New York

2. Defendant Police Officer Robert Oneil is employed at the 107 Precinct, located at 7101 Parsons Blvd., Flushing New York 11365.

3. Defendants John Doe is Police Officer Oneil's partner and is employed at the 107 precinct, located at 7101 Parsons Blvd, Flushing New York 11365.

4. The City of New York is located at 100 Church Street, New York, New York.

## JURISDICTION

5. The Court has jurisdiction over this matter as it raises a federal question.

## FIRST CAUSE OF ACTION: DEFENDANT OFFICER ROBERT ONEIL AND HIS PARTNER (JOHN DOE) ENGAGED IN MALICIOUS PROSECUTION, FALSE ARREST, AND DEPRIVATION OF PLAINTIFF'S FAIR TRIAL RIGHTS, IN VIOLATION OF 42 USC SECTION 1983, THE 4TH AMENDMENT AND 14TH AMENDMENT OF THE U.S. CONSTITUTION

6. Antonio Rotondi is a licensed real estate salesperson, licensed by the Department of State in New York.

7. On June 30,2017 Antonio Rotundi was stopped while driving a newly leased car- which he leased one day earlier.

8. The car was shipped from Sussman Automotive dealership in Pennsylvania.

9. Pursuant to Pennsylvania law, temporary registrations and plates are issued on a 60 day basis to comport with that state's 60 day temporary registration laws.

10. In compliance with the laws of the Commonwealth of Pennsylvania, Sussman Automotive changed the 30 to a 60 on Mr. Rotondi's temporary plate, before shipping the car to New York- so that the plate would conform with the 60 day registration requirement in the state of Pennsylvania.

11. On June 30, 2017, Mr. Rotondi was travelling in his new car, which he had only received one day earlier.

12. At the time Mr. Rotondi, a licensed real estate salesperson, was travelling with a business associate.

13. Officer ONeil and his partner (John Doe) pulled plaintiff over, approached the car, and demanded Mr. Rotondi produce paperwork on the car.

14. Officer Oneil and his partner claimed that the basis of the stop was that a lot of temporary plates are fake.

15. Mr. Rotondi complied with the officers' demand, and gave Officer Oneil and his partner paperwork related to the car- including the signed lease agreement from one day earlier, with proof he paid the dealership all fees for registration.

16. Officer Oneil never called the Pennsylvania Department of Motor Vehicles or the Pennsylvania State Police to verify the car was registered; or to verify that cars issued from that state have a temporary 60 day registration and plates (as opposed to 30 days in New York).

17. Plaintiff cooperated with Officer Oneil in all respects and explained the car was leased one day earlier, with proof of lease agreement and payment of all registration fees for that car.

18. Plaintiff never confessed to changing the number 30 on his temporary plate to a 60, or forging any instrument in order to alter an expiration date.

19. Officer Oneil arrested plaintiff without any justification or probable cause, for possession of a forged instrument in the third degree.

20. Officer Oneil and his partner lied to plaintiff and claimed he was being arrested because the Pennsylvania Department of Motor Vehicles confirmed the car was not registered.

21. Plaintiff insisted that was not possible because the car was registered in the State of Pennsylvania.

22. The Pennsylvania Department of Motor Vehicles was also not open at 11:51pm, the time of this car stop.

23. Mr. Rotondi informed O'Neill and his partner that it was impossible for the Pennsylvania DMV to be claiming his car was not registered, and that he had all the paperwork on the car.

24. Knowing they had no probable cause to arrest plaintiff, Officer Oneil and John Doe then accused Mr. Rotondi of writing on the license plate (changing the expiration date from a 30 day expiration to a 60 day expiration in order to inaccurately reflect a 60 day registration) and placed him under arrest for possession of a forged instrument violation of PL 170.20.

25. Oneil and his partner then advised plaintiff he was being arrested for admitting to forging an instrument and confessing to taking a marker to change the expiration date on the temporary plate from 30 to 60.

26. Plaintiff informed Officer Oneil and his partner that he had never made any such statement, which was fabricated.

27. Oneil and his partner informed plaintiff that they were going to document a confession to forging the numbers on the license plate

and that plaintiff was going to be prosecuted for possession of a forged instrument.

28. Knowing there was really no evidence of criminality, Oneil conveyed false information to the Queens District Attorneys Office on or about August 18,2017 in order to make the criminal case against plaintiff, for which there was no probable cause to arrest, appear stronger than it actually was.

29. Oneil then attempted to make his criminal accusations against Mr. Rotondi stronger by falsifying a confession, and claiming that Mr. Rotondi admitted to him that he filled out the plate and personally used a black marker to change the 30 to a 60 and to change the expiration date on the plate.

30. Specifically, Oneil signed a criminal court affidavit on August 18,2017 stating that he "observed defendant had used a black marker to change the date of expiration from 30 days to 60 days and that the expiration date itself was written by the defendant with a black marker."

31. This was a total lie and Officer Oneil never made any such observation.

32. Officer Oneil also stated in his August 18,2017 criminal court affidavit that Antonio Rotondi made a confession; to wit, "I filled out the plate."

33. Plaintiff never made any such confession, and the sworn statements in Oneil's affidavit were a total lie aimed at creating the appearance of

probable cause for an unjustifiable arrest; and of making the inherently weak and nonexistent case against plaintiff appear stronger.

34. Officer Oneil further lied in his August 18, 2017 affidavit to the District Attorney's Office, where he claimed "Deponent further states that he contacted the Pennsylvania State Police, who verified that the state of Pennsylvania does not issue 60 day temporary license plates."

35. That was a total lie and, if Officer Oneil really had contacted the Pennsylvania State Police he would know that Pennsylvania Vehicle Code Title 75 of the PA General Assembly Law sets forth a 60 day registration requirement in the state of Pennsylvania and that temporary license plates are issue in compliance with the law of Pennsylvania.

36. Officer Oneil also created a fabricated reason for the stop, claiming plaintiff had an obstructed license plate, so that Oneil could not decipher the issuing state; and that plaintiff passed a stop sign.

37. This caused the District Attorney's Office to add additional VTL charges related the plate and passing a stop sign, that were not part of the original DAT.

38. After Oneil signed a criminal court affidavit/criminal court information perpetuating all of these lies, Antonio Rotondi appeared in criminal court to be arraigned by the Queens District Attorney's

        Office- on a fraudulent criminal court information flooded with Oneil's material misrepresentations of fact.

39.    Antonio appeared for arraignment on August 25, 2017.

40.    Prior to arraignment, on the morning of August 25, 2017, plaintiff produced proof to the Queens District Attorney's Office that 1. He had paid all registration fees to Sussman Automotive pursuant to the terms of his lease agreement; 2. Proof that his car was registered for 60 days at the time of his arrest and that the plate was valid, as listed on the 60 day registration document from the Commonwealth of Pennsylvania; 3. Proof that all temporary registrations in Pennsylvania are issued for 60 days under PA Vehicle Code 75 (which was also evidence that Officer Oneil's criminal court affidavit, about speaking to the PA State Police and being told the state of Pennsylvania does not issue 60 day temporary license plates, was false); 4. Proof from Sussman Automotive that *they* changed the number on Antonio Rotondi's license plate from a 30 to a 60 to comply with the laws of the Commonwealth of Pennsylvania related to the issuance of 60 day temporary plates, and that they had been directed to do so by the PA Department of Motor Vehicles (which proved Officer Oneil's affidavit about Rotondi's confession to writing the 60 on the plate himself with marker and observing plaintiff do so was false).

41. After being presented with this evidence, the District Attorney's Office dismissed the charges of Criminal Possession of a Forged instrument in the Third Degree (PL 17.20) and a VTL charge related to the condition of vehicle plates (VTL 402-1) at Arraignment- explicitly noting that these charges were being dismissed in the interest of justice.

42. This was a favorable termination of a criminal proceeding.

43. The district attorney's office would not dismiss the charge for failing to stop at a stop sign, however, because plaintiff had no documentation to refute the officer's allegations in his affidavit, and advised plaintiff that the file would have to proceed through criminal court and potentially trial- unless that charge was resolved with a guilty plea.

44. At that time plaintiff appeared at arraignment, on August 25,2017, he was unable to work because the Department of State had placed a hold on the renewal of plaintiff's salesperson license due to the criminal accusations by Officer Oneil.

45. Specifically, the Department of State had refused to renew plaintiffs real estate salesperson license while the criminal case was pending, and was requiring a certificate of disposition for the criminal matter, proving there had been no convictions for criminal offenses, in order to renew plaintiff's license.

46. Plaintiff could not obtain the necessary certificate of disposition required by the Department of State deadline of September 5,2017 unless the whole case was resolved on August 25,2017, since the court was adjourning all non-disposed of cases into October 2017.

47. The Department of State was going to deny plaintiff's renewal license in the event the entire matter was not disposed of by September 5,2017.

48. Having no means of support and out of financial necessity, plaintiff agreed to resolve the entire case expeditiously, so he could obtain a certificate of disposition and return to work.

49. In order to renew his real estate salesperson license, after the charges of Criminal Possession of a Forged instrument and the VTL charge regarding the license plate were dismissed in the interest of justice, plaintiff agreed to plead guilty to passing a stop sign so that the entire criminal case would be disposed of within the deadline set by the Department of State.

50. However, plaintiff refused to allocute that he was guilty of this traffic violation- informing the court that he did not really pass the stop sign.

51. Despite plaintiff indicating he did not pass the stop sign, the judge told him to stop speaking, and accepted his plea in order to resolve the case.

52. The entire experience that Mr. Rotondi endured in front of a business associate and after, when the Department of State refused to renew

his license to work (until a final disposition of the criminal case), was publicly humiliating and caused him severe stress and anxiety; and caused him to suffer severe emotional hardship during the pendency of the case.

53. Officer Oneil and his partner engaged in the malicious prosecution and false arrest of plaintiff by arresting and causing him to be prosecuted on false and fabricated evidence.

54. Defendants acted maliciously and with evil intent when they lied to the District Attorneys Office; falsified a confession; falsified facts about observing plaintiff forge the plate; falsified facts about receiving information from the PA State Police that the state of Pennsylvania does not issue 60 day plates (when the law of the state mandates it be 60 days); and lied about the basis for the initial car stop.

55. The actions of defendant Oneil and John Doe in falsifying evidence and lying the District Attorney's Office about the basis for the arrest of plaintiff for criminal possession of a forged instrument (the only charge listed on the Desk Appearance) was not objectively reasonable.

56. The actions of the defendants in trying to make the case stronger for prosecution on August 18,2017- by adding fabricated allegations about falsified confessions and fake observations, and fabricated claims about plaintiff passing a stop sign and having an obstructed plate- were also not objectively reasonable.

57. These actions were malicious and intentional, and plaintiff remained under arrest and in police custody from June 30 to July 1, 2017 waiting to be issued a Desk Appearance Ticket.

58. For the foregoing reasons defendants have engaged in false arrest and malicious prosecution, for arresting and prosecuting plaintiff without probable cause; intentionally and maliciously falsifying evidence to justify the unreasonable seizure and prosecution of plaintiff; and engaging in objectively unreasonable conduct.

59. Defendants actions violated the 4th Amendment and 14th Amendment of the United States Constitution, as it was a violation of plaintiff's right to be free from unreasonable seizures and right to be free from restraints on his liberty.

60. Defendants also violated plaintiff's right to fair trial by their fabrication of evidence in contravention of the 14th amendment due process clause.

61. Defendants proximately caused plaintiff to suffer injuries, such as emotional pain, anguish, stress and anxiety and to endure unnecessary financial burdens related to loss of work and legal fees.

62. Plaintiff seeks the following in damages: 5 million dollars in emotional damages; 5 million punitive damages; and $35,000 compensatory damages.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW

63. Plaintiff repeats and realleges all of the aforementioned allegations.

64. Plaintiff filed notice of intention to file a claim, dates September 26, 2017.

65. Officer Oneil and his partner commenced and continued a criminal proceeding against the plaintiff based on evidence that was false and fabricated regarding plaintiff possessing a forged instrument and allegedly rendering a confession; the termination of the proceeding was in favor of the plaintiff when criminal charge and VTL charges regarding and obstructed plate were dismissed in the interest of justice on or about August 25,2017; there was an absence of probable cause for the criminal proceeding; and actual malice.

THIRD CAUSE OF ACTION- DEFAMATION

66. Plaintiff repeats and realleges all of the aforementioned allegations.

67. Officer Oneil conveyed a false statement about plaintiff; namely, that they observed him forge numbers on a license plate and then confess to filling in the numbers on the plate;

68. Officer Oneil published this false statement to a third party without privilege or authorization when he provided the above false information to the District Attorney's Office and then signed a perjurious criminal court affidavit that was predicated entirely on lies;

69. Officer Oneil's actions constituted fault amounting to at least negligence; and which was intentional and malicious.

70. Officer Oneil's actions in fabricating evidence and a fake confession, in

order to have plaintiff prosecuted for an A misdemeanor (criminal possession of a forged instrument in the 3rd degree), was defamation per se.

71. Defendants proximately caused plaintiff injury; to wit, severe emotional stress and financial hardship.

72. Plaintiff suffered damages as result of defendants' actions.

73. Plaintiff seeks $5 million emotional damages; $5 million punitive damages and $35,000 compensatory damages.

### FOURTH CAUSE OF ACTION-ABUSE OF PROCESS

74. Plaintiff repeats and realleges all of the foregoing allegations.

75. Defendant Oneil and John Doe arrested plaintiff and issued him a Desk Appearance Ticket on July 1,2017- which is regularly issued criminal process.

76. Defendant Oneil had an intent to do harm without excuse or justification when he informed the District Attorney's Office on August 18, 2017, after regularly issued process, that plaintiff had made a confession to forging an instrument and that he had allegedly observed such forgery and confirmed with the PA State Police that 60 day temporary plates did not issue in the State of Pennsylvania.

77. Defendant Oneil and John Doe knew such facts were a total lie when Oneil drafted a criminal court affidavit on August 18,2017 to further perpetuate this lie- with the goal of making the criminal case against plaintiff appear stronger and to concoct facts that would show the arrest

and prosecution of plaintiff were predicated on probable cause. Defendants engaged in the use of the process in a perverted manner to obtain a collateral objective, when they falsified evidence to the District Attorney's Office on or about August 25,2017- after the use of regularly issued process (the DAT) on July 1, 2017.

78. John Doe failed to disclose to the DA's Office that his partner was lying and allowed them to prosecute plaintiff on fabricated evidence and a fabricated confession; and concealed his partner's lies from the prosecution.

79. John Doe and Officer Oneil intended to cause plaintiff harm based on the foregoing conduct.

80. Plaintiff demands $5 million emotional damages; $5million punitive damages and $35,000 compensatory damages.

## FIFTH CAUSE OF ACTION- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff repeats and realleges all of the aforementioned allegations.

82. Officer Oneil and John Doe engaged in extreme and outrageous conduct when they arrested plaintiff and then falsified evidence to ensure his prosecution on an A misdemeanor of Criminal Possession of a Forged Instrument in the Third Degree.

83. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress.

84. There was a causal connection between the conduct of Oneil and John Doe and plaintiff's injury; to wit, plaintiff suffering severe emotional distress.

85. Defendants, Police Officers Oneil and John Doe engaged in behavior that was outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

86. Plaintiff demands $5 million in emotional damages for this cause of actin; $5 million in punitive damages, and $35,000 compensatory damages.

Dated: January 18, 2018

/s/TAMARA HARRIS
The Law Office of Tamara M. Harris
111 Broadway, Suite 706
New York, New York 10006
(212) 334-1050

VERIFICATION

Tamara Harris, verifies the content of the above complaint is true to the best of her knowledge based in information provided by plaintiff. Tamara Harris is signing this verification on behalf of plaintiff because she maintains an office in a county other than where plaintiff resides.

/s/Tamara Harris